Atyria S. Clark (SBN.: 226295)
2632 Wilshire Blvd, Suite 783
Santa Monica, CA 90403
Telephone: (310) 492-4032
Facsimile: (310) 496-1284
E-mail: atyriasclark@gmail.com

Attorneys for Plaintiff
**Pro Se**

**FILED**
JAMES J. VILT JR, CLERK
2/5/2025
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**____________________ DIVISION**

ATYRIA S. CLARK, an individual,

Plaintiff,

vs.

LONITA K. BAKER, an individual, and DOES 1-20, inclusive,

Defendants.

CASE NO.: 3:25CV-70-RGJ

**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; AND DECLARATORY AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

Plaintiff, ATYRIA S. CLARK ("Plaintiff") sues Defendant, LONITA K. BAKER and DOES 1-20, inclusive (collectively "Defendants") for damages and declaratory and injunctive relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act (15 U.S.C. §§ 1-51. et seq.) for trademark infringement; accordingly, this Court has jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)-(c) because a substantial part of the events giving rise to the claims stated herein and the threatened and actual harm to Plaintiff occurred in Kentucky and in the county of Jefferson.

3. This Court has personal jurisdiction over all Defendants because Defendants conduct systematic and continuous business within the State of Kentucky and promotes the mark "DIVA ATTORNEY, Lonita Baker" in the State of Kentucky and Defendant Lonita K. Baker is a resident of the state of Kentucky and a resident of the County of Jefferson and is domiciled in this jurisdiction.

## THE PARTIES

4. Plaintiff, ATYRIA S. CLARK ("Plaintiff") is an individual and resident of Los Angeles, California and is a member of the organization THE DIVA LAWYERS SOCIAL CLUB, INC, a California mutual benefits nonprofit organization who owns the collective membership mark "DIVA LAWYERS."

5. Defendant, LONITA K. BAKER ("Defendant") is an individual resident of Louisville, Kentucky and is the purported owner of the Mark, "DIVA ATTORNEY, Lonita Baker."

6. The true names and capacities, whether individual, corporate, associate, or otherwise of DOES 1 through 20, inclusive, and each of them, are unknown to Plaintiff, who therefore sues defendants by such fictitious names, and will seek leave of this Court to amend this Complaint to show the true names and capacities when they have been ascertained. Plaintiff alleges that each defendant designated herein as a DOE was responsible, intentionally, negligently, contributorily, vicariously, or in some other actionable manner, for the events and happenings referred to herein which proximately and legally caused the damages to Plaintiff alleged herein.

7. Plaintiff alleges that at all times herein mentioned, each of the Defendants, including all Defendants sued under fictitious names, were the agents, servants, employees, partners, *alter ego*, direct participant, subsidiary, or joint venturer of each of the other Defendants, and the acts of each of the Defendants was in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of each of the other Defendants; and each of the Defendants aided and abetted the other Defendants in the acts or omissions alleged in this Complaint.

**THE COLLECTIVE MEMBERSHIP MARK**

8. THE DIVA LAWYERS SOCIAL CLUB INC ("Social Club") is the owner of all right, title and interest in and to the federally registered collective membership mark "DIVA LAWYERS," Trademark Registration No. 5769971, a collective membership mark used to identify members of the organization. This mark was registered on the Principal Register on June 4, 2019.

9. For over five years, Plaintiff, who is a member of the Social Club, has continuously employed the word mark "DIVA LAWYERS" as a collective membership mark. The "DIVA LAWYERS" mark is used in connection with the activities of a social club of female attorneys and as indicia of active membership in that club. The mark has been used by members of the club on letterhead, membership certificates, t-shirts, pens, websites, promotional materials, and other materials.

10. Since at least as early as May 1, 2018, Plaintiff has used the Mark as a membership mark to indicate her membership in THE DIVA LAWYERS SOCIAL CLUB INC and has used the mark since as early as January 13, 2014 when she developed the name.

11. Plaintiff owns the common law trademark rights in the mark.

12. Plaintiff has expended substantial amounts of time, money and effort in promoting the "DIVA LAWYERS" mark to identify herself as a member of the

social club and to recruit new members who meet the requirements of club membership. She has also expended substantial amounts of time, money, and effort in accruing goodwill and a good reputation among the social club and the public generally for the social club under the mark.

13. Plaintiff has continuously used the mark "DIVA LAWYERS" on business cards, in promotional materials, in the organization website www.divalawyers.com, on her law firm page, and has authorized the use of the name by other members of the organization.

**DEFENDANT'S MARK**

14. Defendant has acknowledged using the name and mark "DIVA ATTORNEY, Lonita Baker" on social media and on her internet page located at www.divaattorney.com as well as using the name in circles of other attorneys and at various networking events and business events.

15. Defendant has used the mark "DIVA ATTORNEY, Lonita Baker", in a manner that is likely to confuse or deceive the public, and likely to confuse the public that Defendant is a member of or otherwise associated with THE DIVA LAWYERS SOCIAL CLUB INC and therefore is infringing Plaintiff's federal and common law rights in the mark "DIVA LAWYERS."

16. Defendant's infringing use of the mark "DIVA ATTORNEY, Lonita Baker" is likely to cause confusion, deception, or mistake and lead the public to

falsely believe that Defendant is a member of THE DIVA LAWYERS SOCIAL CLUB INC.

17. Defendant's infringing use of the mark has damaged Plaintiff and has caused irreparable harm to Plaintiff and will continue to do so if Defendant is not restrained by this Court from further violating Plaintiff's rights.

18. Plaintiff has no adequate remedy at law for this continuing violation.

## OPPOSITION AND CANCELLATION PROCEEDINGS

19. In or around early 2022, Plaintiff became aware of Defendant's proposed use of the mark "DIVA ATTORNEY, Lonita Baker" and sent a cease-and-desist letter to Defendant on June 7, 2022.

20. In an effort to further protect and defend its brand, the Social Club filed an Opposition to Defendant's attempt to register the mark "DIVA ATTORNEY, Lonita Baker" under Trademark Trial and Appeal Board ("TTAB") Opposition No.: 91268921. The Social Club filed this Opposition after it became aware that Defendant had secured clearance from the Examining Attorney of the Trademark and Patent Office to publish the mark "DIVA ATTORNEY, Lonita Baker," after the Examining Attorney initially determined that Defendant's mark would likely cause confusion to the mark "DIVA LAWYERS."

21. Defendant subsequently filed a Petition to Cancel the Social Club's Mark under TTAB Cancellation Proceedings No. 92080451, claiming that the

Social Club never used the mark, although the Social Club provided Defendant substantial evidence during the Opposition proceedings that members of the social club had continuously used the mark for the purposes of a collective membership mark.

22. As part of Defendant's Petition to Cancel, Defendant admitted the "DIVA LAWYERS" mark was used as a hashtag on social media but claimed such use failed to constitute proper use of the mark for purposes of a collective membership mark.

23. In the Cancellation Proceedings, the Social Club filed a Motion for Judgment on the Pleadings arguing that, in addition to other uses of the mark "DIVA LAWYERS," the use of hashtags to identify members of the Social Club via various social media outlets constituted sufficient use of the mark that should have defeated the Petition to Cancel since Defendant admitted in her pleadings the use of these hashtag marks.

24. The TTAB denied the Social Club's Motion for Judgment on the Pleadings in the TTAB proceedings and proceeded with consolidated Opposition/Cancellation proceedings.

25. Plaintiff has made and intends in the future to make considerable expenditures to protect her beneficial rights in and to the Social Club's registered collective membership mark.

26. The Social Club's registered mark is fully valid, legally subsisting and an asset of considerable value to Plaintiff and the Social Club.

27. Defendant has filed an administrative proceeding to cancel the Social Club's valid and registered mark. The Petition to Cancel was filed with a governmental administrative body which does not adjudicate claims of infringement and cannot by law grant the relief Plaintiff seeks herein and cannot award any monetary damages or sanctions against Defendant.

28. Plaintiff is in reasonable apprehension of damage to the trademark rights and resultant financial loss and harm.

29. The totality of the actions and conduct by Defendant as described herein seriously impairs Plaintiff and places into serious and substantial jeopardy the most reasonable rights and interest of Plaintiff in and to the registered collective membership mark.

30. Defendant's acts alleged herein have an adverse impact on the public interest, foster unfair competition and deceptive business practices in the marketplace and are such as to require this Court immediate intervention to declare the rights and obligations of the parties with respect to the issues presented by this matter.

**FIRST CAUSE OF ACTION**

***(Federal Trademark Infringement Under 15 U.S.C. § 1114)***

31. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 30 of this Complaint as though fully set forth here.

32. Defendant's use in commerce of the "DIVA ATTORNEY, Lonita Baker" mark is likely to cause confusion, mistake, or to deceive, and is likely to deceive the relevant public that Defendant's goods and services are authorized, sponsored, or approved by, or are affiliated with the Social Club, or otherwise likely to confuse the public that Defendant is a member of or otherwise associated with the Social Club.

33. Defendant's use in commerce of the "DIVA ATTORNEY, Lonita Baker" mark is likely to cause members of the public to falsely believe that Defendant is a member of THE DIVA LAWYERS SOCIAL CLUB INC or is otherwise associated or affiliated with this organization.

34. The above-described acts constitute direct trademark infringement of the "DIVA LAWYERS" mark and a false designation of origin in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

35. Because both Plaintiff and Defendant are lawyers and operate significantly in the nationwide legal community with other attorneys and the

public, significant numbers of persons are likely to be deceived, confused, or mistaken into believing that Defendant is a member of the Social Club organization and that Defendant's services are endorsed by, sponsored by, or somehow affiliated with the Social Club or that Defendant has permission to use the infringing name, thereby damaging Plaintiff.

36. Defendant had actual notice of the infringement described herein that her use of the name "DIVA ATTORNEY, Lonita Baker," was infringing on Plaintiff's rights.

37. Despite knowing about the infringing conduct, Defendant continues to engage in the infringing conduct.

38. By reason of Defendant's acts, Plaintiff has suffered damage to the goodwill associated with the mark.

39. Defendant's activities have irreparably harmed Plaintiff, and, if not enjoined, will continue to irreparably harm Plaintiff and the federally registered and common law marks.

40. Defendant's activities have irreparably harmed, and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

41. By reasons of Defendant's acts alleged herein, Plaintiff's remedy at law is not adequate to compensate for the damage caused by Defendants.

Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

42. By reason of Defendant's willful acts, Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

43. This is an exceptional case making Plaintiff eligible for an award of attorney fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**(*Claim for Declaratory Relief—28 U.S.C. § 2201*)**

44. Plaintiff realleges and incorporate by reference each of the allegations contained in paragraphs 1 through 43 of this Complaint as though fully set forth here.

45. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties with regard to the registered collective membership mark "DIVA LAWYERS." The Court is authorized and empowered to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

46. Plaintiff contends that the Social Club has a valid, viable, federally registered mark "DIVA LAWYERS" and Plaintiff has common law rights to the mark "DIVA LAWYERS."

47. Defendant contends that Plaintiff does not have any valid mark because Defendant believes Plaintiff never used the mark "DIVA LAWYERS" as a collective membership mark to identify herself as a member of the organization THE DIVA LAWYERS SOCIAL CLUB, INC.

48. Plaintiff requests a judicial determination of the rights and obligations of each of the parties to this action with respect to the validity of the mark "DIVA LAWYERS."

49. A judicial determination is necessary, appropriate, and desirable at this time so that each of the parties may ascertain their respective rights and duties.

50. By reasons of the foregoing, Plaintiff is entitled to a declaration that:

a. Plaintiff, as a member of the Social Club, has properly used the mark "DIVA LAWYERS" as a collective membership mark to identify herself as a member of the organization THE DIVA LAWYERS SOCIAL CLUB, INC.

b. Defendant, and her agents, assigns, employees, attorneys, and all other persons acting in concert or in participation with her, do not possess rights sufficient to permit Defendant to charge or assert, whether verbally or in writing, that Plaintiff has not used the mark as a collective membership mark for the purpose of identifying herself as a member of the organization THE DIVA LAWYERS SOCIAL CLUB, INC.

c. Defendant, and her agents, assigns, employees, attorneys, and all other persons acting in concert or in participation with her, do not possess rights to impair Plaintiff's organizational activities under the Social Club's registered mark.

d. Plaintiff has, in all respects, rights which are superior to any and all rights claimed by Defendant to the mark "DIVA LAWYERS" or any similar mark that is likely to cause confusion with the "DIVA LAWYERS" mark.

e. That all such judicial declaratory relief, remedies, and protections to which may be granted in favor of Plaintiff herein also fully apply and inure to the benefit of Plaintiff's principals, agents, assigns, employees and attorneys, and all other persons acting in concert with or in participation with Plaintiff.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for an order and judgment against Defendant as follows:

1. That the Court enter a judgment against Defendant that Defendant has infringed on the rights of Plaintiff in the "DIVA LAWYERS" mark that has been federally registered, in violation of 15 U.S.C. § 1114; and

2. That the Court determines that each of the above acts was willful; and

3. That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction enjoining and restraining Defendant and her

agents, affiliates, servants, employees, successors, and assigns, and all others acting in concert with or in conspiracy with or affiliated with Defendant from:

(a) Using the mark "DIVA ATTORNEY, Lonita Baker" or any other mark that is confusingly similar to the DIVA LAWYERS" mark; and

(b) Using any domain name or social media account, that is identical or confusingly similar to the "DIVA LAWYERS" mark; and

(c) Engaging in any unfair competition with Plaintiff; and

(d) Engaging in any deceptive acts.

4. That Plaintiff be awarded damages for trademark infringement and that these damages be trebled due to Defendant's willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

5. That Plaintiff be awarded all profits resulting from Defendant's infringement on Plaintiff's rights.

6. That Defendant be ordered to account for and disgorge to Plaintiff all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

7. For prejudgment interest on all infringement damages.

8. That the Court award Plaintiff her reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provisions of law.

9. For a declaratory judgment of this Court with respect to the validity and use of the collective membership mark, "DIVA LAWYERS", decreeing the rights, duties, and obligations of the parties consistent with Plaintiff's contentions as set forth above.

10. That the Court award Plaintiff her costs of suit incurred herein.

11. That the Court order Defendant to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and judgment upon Defendant.

12. For any such other or further relief as this Court may deem just and proper.

Dated: February 5, 2025

/s/Atyria S. Clark
ATYRIA S. CLARK

**DEMAND FOR TRIAL BY JURY**

Plaintiff ATYRIA S CLARK hereby demands a trial by jury to decide all issues so triable in this case.

Dated: February 5, 2025

/s/Atyria S. Clark
ATYRIA S. CLARK