UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ATYRIA S. CLARK,                                                                         Plaintiff

v.                                                                    Civil Action No. 3:25-cv-70-RGJ

LONITA K. BAKER, *et al.,*                                                               Defendants

\* \* \* \* \*

### ORDER

This case involves claims for trademark infringement and declaratory relief brought by Plaintiff Atyria S. Clark ("Clark") against Defendant and Counter Claimant Lonita K. Baker ("Baker"), as well as "Does 1–20." [DE 1]. Baker filed an Answer and Counterclaim against Clark [DE 11] and now moves this Court to join The Diva Lawyers Social Club, Inc. ("DLSC") as a necessary party to her counterclaim. [DE 10 ("Motion to Join DLSC")]. Clark responded [DE 12] and Baker replied [DE 14]. Additionally, Clark moves to dismiss Baker's counterclaim pursuant to FRCP 12(b)(6) for failure to state a claim. [DE 13 ("Motion to Dismiss")]. Baker responded [DE 15] and Clark replied [DE 16]. For the reasons below, the parties are instructed to **FILE SUPPLEMENTAL MEMORANDA** on whether Clark has standing to prosecute this action.

Clark is a member of the organization The Diva Lawyers Social Club, Inc. ("DLSC"), a mutual benefits corporation organized under the laws of California. [DE 1]. According to Clark's Complaint, DLSC is the owner of all right, title and interest in and to the federally registered collective membership mark "DIVA LAWYERS," used to identify members in the organization, which was registered on the principal register of the PTO on June 4, 2019, under Trademark Registration No. 5769971 (hereinafter, the "971 Registration"). [*Id.* ¶ 8]. Clark further alleges that she owns "the common law trademark rights in the [DIVA LAWYERS] mark." [*Id.* ¶ 11]. Clark

1

claims she has "used the Mark as a membership mark to indicate her membership in [DLSC]" since May 1, 2018, and has used the mark for other unspecified purposes since "as early as January 13, 2014 when she developed the name." [*Id.* ¶ 10]. On February 5, 2025, Clark commenced suit in this Court on behalf of herself in an individual capacity against Baker and Does 1–20 based on Baker's use of the mark "DIVA ATTORNEY." [DE 1].

Before reaching the merits of Baker's Motion to Join DLSC or Clark's Motion to Dismiss, the Court must first address Baker's assertion that "[b]ased on the allegations in the Complaint alone, Clark does not have standing to sue for infringement of the DIVA ATTORNEYS mark without joining DLSC, as she is neither its owner nor the registrant." [DE 10 at 56]. *See e.g., Chapman v. Tristar Prod., Inc.*, 940 F.3d 299, 304 (6th Cir. 2019) ("We are required in every case to determine—sua sponte if the parties do not raise the issue—whether we are authorized by Article III to adjudicate the dispute."); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). As the party invoking federal jurisdiction, Clark bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Relevant here, both Counts in the Complaint appear to implicate DLSC's rights in the DIVA LAWYERS mark. Count 1 of the Complaint alleges that Baker's use of the DIVA ATTORNEY mark infringes upon the DIVA LAWYERS mark, in violation of 15 U.S.C. ¶ 1114. [DE 1 ¶¶ 31–43]. In Count 2, Clark requests a "judicial determination of the rights and obligations of each of the parties to this action with respect to the validity of the mark 'DIVA LAWYERS.'" [*Id.* ¶ 48]. Specifically, Clark contends that "[DLSC] has a valid, viable, federally registered mark

'DIVA LAWYERS' and [Clark] has common law rights to the mark 'DIVA LAWYERS.'" [*Id.* ¶ 46].

According to Baker, Clark lacks standing to bring Count 1 because "a claim of trademark infringement must be brought by the 'registrant,' i.e., the owner of the trademark." [DE 10 at 56 (citing *Armada Oil & Gas Co., Inc. v. Eppco, Inc.*, No. 06-CV-10269, 2007 WL 2713738, at *2 (E.D. Mich. Sept. 17, 2007))]. Baker is correct that the Baker does not address, however, whether Clark's alleged ownership of common law rights in the DIVA LAWYERS mark confers standing to bring either Count. And Clark fails to address Baker's standing argument at all.

Accordingly, it is **ORDERED** that the parties to file supplemental memoranda on whether Clark has standing to bring this action. The briefing should identify the applicable standards and address Clark's standing with respect to both Counts alleged in the Complaint. Because Baker partially briefed this issue in her Motion to Join LCDS [DE 10], the Court sets the briefing schedule as follows: Clark shall file a response by **December 19, 2025**, and Baker shall file any reply by **January 2, 2026**.

Rebecca Grady Jennings, District Judge
United States District Court

December 5, 2025

cc: counsel of record