UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ATYRIA S. CLARK,                                                    Plaintiff

v.                                          Civil Action No. 3:25-cv-70-RGJ

LONITA K. BAKER, *et al.,*                                        Defendants

and

LONITA K. BAKER,                                           Counter Claimant

v.

ATYRIA S. CLARK, *and*                                   Counter Defendants
THE DIVA LAWYERS SOCIAL CLUB,
INC.,


\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This case involves claims for trademark infringement and declaratory relief brought by

Plaintiff Atyria S. Clark ("Clark") against Defendant and Counter Claimant Lonita K. Baker

("Baker"), as well as "Does 1–20." [DE 1]. Baker filed an Answer and Counterclaim against Clark

[DE 11] and now moves this Court to join The Diva Lawyers Social Club, Inc. ("DLSC") as a

necessary party to her counterclaim. [DE 10 ("Motion to Join DLSC")]. Clark responded [DE 12]

and Baker replied [DE 14]. Additionally, Clark moves to dismiss Baker's counterclaim pursuant

to FRCP 12(b)(6) for failure to state a claim. [DE 13 ("Motion to Dismiss")]. Baker responded

[DE 15] and Clark replied [DE 16]. Pursuant to this Court's prior Order [DE 17], both parties

submitted supplemental briefing regarding whether Clark has standing to bring this action. [DE

18; DE 19]. These matters are ripe for adjudication. For the reasons below, Baker's Motion to Join

DLSC [DE 10] is **GRANTED**, Clark's Motion to Dismiss [DE 13] is **GRANTED in part and**

1

**DENIED in part**, Count 1 of the Complaint [DE 1] is **DISMISSED** for lack of standing, and Count 2 is **DISMISSED in part** for lack of standing.

## I.    BACKGROUND

Clark is an attorney residing in Los Angeles, California. [DE 1 ¶ 4]. Clark is a member of the organization DLSC, a mutual benefits corporation organized under the laws of California. [*Id.*]. According to Clark's Complaint, DLSC is the owner of all right, title, and interest in and to the federally registered collective membership mark "DIVA LAWYERS," used to identify members in the organization, which was registered on the principal register of the United States Patent and Trademark Office ("USPTO") on June 4, 2019, under Trademark Registration No. 5769971 (hereinafter, the "971 Registration"). [*Id.* ¶ 8]. The DIVA LAWYERS mark is allegedly "used in connection with the activities of a social club of female attorneys and as indicia of active membership in that club." [*Id.* ¶ 9]. Clark further alleges that she owns "the common law trademark rights in the [DIVA LAWYERS] mark." [*Id.* ¶ 11]. Clark claims she has "used the Mark as a membership mark to indicate her membership in [DLSC]" since May 1, 2018, and has used the mark for other unspecified purposes since "as early as January 13, 2014 when she developed the name." [*Id.* ¶ 10].

Baker is an individual attorney residing in Louisville, Kentucky. [DE 11 ¶¶ 6, 18]. According to her Answer and Counterclaim, beginning in 2009, Baker used the term "DIVA ATTORNEY" as a social media handle on her Facebook and Instagram blogs. [*Id.* ¶ 22]. And, "at least as early as 2018," Baker began using the following character and design mark (the "DIVA ATTORNEY" mark) in connection with a website blog she launched at www.divaattorney.com (the "Diva Attorney Blog"):



[*Id.* ¶¶ 23–24]. Baker contends that "[a]s a result of her continuous use of [the mark], the DIVA ATTORNEY mark has become a strong designation of the source of [her] informational services and has accrued considerable consumer recognition and goodwill." [*Id.* ¶ 26]. On May 29, 2018, Baker filed with the USPTO Trademark Application Ser. No. 87939686 to register the DIVA ATTORNEY Mark (hereinafter, the "686 Application"). [*Id.* ¶ 27]. The 686 Application was subsequently approved for publication and was published for opposition in the Trademark Official Gazette on February 23, 2021. [*Id.* ¶¶ 27–28].

This parties have been engaged in litigation regarding their respective marks for over four years. Clark initiated opposition proceedings against the DIVA ATTORNEY mark before the Trademark Trial and Appeal Board ("TTAB") on April 23, 2021, asserting priority in the 971 Registration. [*Id.* ¶ 40]. In response, Baker filed a Petition for Cancellation of the 971 Registration based on nonuse, which TTAB consolidated with the opposition proceedings. [*Id.* ¶¶ 46–49]. Those proceedings were later suspended, however, after Clark filed suit in the Central District of California in her individual capacity and on behalf of DLSC as its representative, alleging federal trademark infringement and related claims based on the 971 Registration. [*Id.* ¶¶ 50–51 (the "California Action")]. [1] On August 15, 2024, the California Action was dismissed after the district

---

[1] TTAB suspended the consolidated opposition and cancellation proceedings pending a final determination in the California Action on March 19, 2025. [*Id.* ¶ 51].

court found it lacked personal jurisdiction over Baker. [*Id.* ¶¶ 54–55]. The Ninth Circuit affirmed the district court's dismissal of the California Action on December 3, 2025. *Diva Laws. Soc. Club, Inc. v. Baker*, No. 24-5535, 2025 WL 3470031, at *1 (9th Cir. Dec. 3, 2025).

Clark commenced this action on February 5, 2025, on behalf of herself in an individual capacity against Baker and Does 1–20. [DE 1]. Unlike the California Action, Clark did not join DLSC as a party. Count 1 of the Complaint alleges that Baker's use of the DIVA ATTORNEY mark infringes upon the DIVA LAWYERS mark, in violation of 15 U.S.C. ¶ 1114. [DE 1 ¶¶ 31– 43]. In Count 2, Clark requests a "judicial determination of the rights and obligations of each of the parties to this action with respect to the validity of the mark 'DIVA LAWYERS.'" [Id. ¶ 48]. Specifically, Clark contends that "[DLSC] has a valid, viable, federally registered mark 'DIVA LAWYERS' and [Clark] has common law rights to the mark 'DIVA LAWYERS.'" [Id. ¶ 46].

In her Answer and Counterclaim, Baker asserts that she is entitled to declaratory judgment that the DIVA ATTORNEY mark does not infringe the DIVA LAWERS mark as a matter of law and seeks cancellation of the 971 Registration as void *ab initio* as a result of DLSC's alleged "nonuse of the DIVA LAWYERS mark in commerce in connection with indicating membership in a collective membership organization." [DE 11 at 81–83].

## II.    DISCUSSION

### A.  Standing

As a threshold matter, the Court must address Baker's assertion that "Clark does not have standing to sue for infringement of the DIVA ATTORNEYS mark without joining DLSC, as she is neither its owner nor the registrant." [DE 10 at 56]. *See e.g., Chapman v. Tristar Prod., Inc.*, 940 F.3d 299, 304 (6th Cir. 2019) ("We are required in every case to determine—sua sponte if the parties do not raise the issue—whether we are authorized by Article III to adjudicate the dispute.");

4

*Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). As the party invoking federal jurisdiction, Clark bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### i. Count 1

In Lanham Act cases such as this one, standing refers to either constitutional standing or statutory standing. Constitutional standing refers to the judiciary's limited power to resolve only cases or controversies. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (citing *Lujan*, 504 U.S. at 560). Prudential or statutory standing refers to whether a party can bring a cause of action under a particular statute. *Id.* at 127 & n.4.

Baker asserts that Clark lacks statutory standing to bring Count 1 because "a claim of trademark infringement must be brought by the 'registrant,' i.e., the owner of the trademark." [DE 10 at 56 (citing *Armada Oil & Gas Co., Inc. v. Eppco, Inc.*, No. 06-CV-10269, 2007 WL 2713738, at *2 (E.D. Mich. Sept. 17, 2007))]. In her supplemental brief, Clark asserts that she has standing because "[t]he term 'registrant' is defined to include the trademark's legal representatives, predecessors, successors, and assigns." [DE 18 at 210]. Although Clark fails to develop this argument, the Court interprets Clark's argument as alleging that she is either a "legal representative" or an "assignee."

Infringement claims under § 32(1) of the Lanham Act—unlike infringement claims under § 43(a)(1)(A) of the Lanham Act—must generally be brought by the "registrant." *Compare* 15 U.S.C. § 1114(1) (an infringer of a registered mark "shall be liable in a civil action by the *registrant*") (emphasis added), *with* 15 U.S.C. § 1125(a)(1)(A) (an infringer of an unregistered

mark "shall be liable in a civil action by *any person who believes that he or she is or is likely to be damaged by such act*"). Yet "[t]he Sixth Circuit is one of those few courts" which hold that "an exclusive licensee may have standing to sue" under § 32(1) of the Lanham Act." *Brimstone Recreation, LLC v. Trails End Campground, LLC*, No. 3:13-CV-331-PLR-HBG, 2014 WL 4722501, at *3 (E.D. Tenn. Sept. 22, 2014)); *see also Wynn Oil Co. v. Thomas*, 839 F.2d 1183 (6th Cir. 1988) (exclusive license to use service mark established plaintiff's standing to protect its rights in the service mark).

As Baker notes, Clark has failed to plead that she is the "registrant," or exclusive licensee. [DE 19 at 215 ("Clark has not pleaded that either condition is met.")]. Indeed, Clark's supplemental brief continues to emphasize only that Clark is the "common law owner of the mark," not the registered owner, which the Complaint alleges is DLSC. [DE 1 ¶ 8].  The Complaint contains no plausible allegations that Clark is the legal representative of DLSC, that ownership of the DIVA LAWYERS mark has been assigned to her, or that she possesses an exclusive license to use the mark. Accordingly, Clark lacks standing to bring her "First Cause of Action," which alleges federal trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. ¶ 1114. [DE 1 at 9–11].

### ii.  Count 2

The only question that remains—which Clark does not address—is whether Clark has standing to bring Count 2 of the Complaint. Clark's "Second Cause of Action" seeks a "judicial determination of the rights and obligations of each of the parties to this action with respect to the validity of the mark 'DIVA LAWYERS,'" pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act ("DJA"). [*Id.* ¶¶ 44–50]. According to the Complaint, declaratory relief is necessary due to Baker's assertion that "[Clark] does not have any valid mark because [she] believes [Clark] never used the mark," despite Clark's contention that "[DLSC] has a valid, viable, federally registered

mark 'DIVA LAWYERS' and [Clark] has common law rights to the mark 'DIVA LAWYERS.'" [DE ¶¶ 46–47]. Thus, Clark seeks declaratory relief "with respect to the validity and use" of the DIVA LAWYERS mark. [*Id.* at 15]. Among the relief requested by Clark are declarations that Clark has "used the mark 'DIVA LAWYERS' as a collective membership mark to identify herself as a member of [DLSC]," and that Baker or her representatives may not represent otherwise. [*Id.* ¶ 50].

In *MedImmune, Inc. v. Genentech, Inc.*, the Supreme Court explained that, when analyzing standing in declaratory-judgment actions, "'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). As a result, the standing inquiry overlaps with the jurisdictional scope of the DJA, which provides that "[i]n a case of *actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201(a) (emphasis added). "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune,* 549 U.S. at 127 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

Significantly, *MedImmune* rejected lower courts' previous requirement that a declaratory judgment plaintiff seeking to establish federal jurisdiction must demonstrate a "reasonable apprehension of imminent suit." *MedImmune*, 549 U.S. at 132 n. 11. Thus, courts now decide the question of jurisdiction in declaratory judgment actions by considering "all the circumstances."

*See MedImmune*, 549 U.S. at 127 (quoting *Maryland Cas. Co.*, 312 U.S. at 273). Under *MedImmune*, a controversy may be established upon proof of "plaintiff's self-avoidance of imminent injury [that] is coerced by threatened enforcement action of a private party." *Id.* at 130. Thus, a plaintiff seeking declaratory relief related to a trademark's validity must either allege that (1) "a threat of infringement liability," or (2) that they have "otherwise suffer[ed] a justiciable injury that is fairly traceable to the trademark's validity." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1031 (9th Cir. 2023).

The alleged controversy appears to be the same as the parties' dispute in the cancellation proceeding before TTAB—*i.e.*, whether the 971 Registration is valid, including whether Clark has used the mark to signify her membership in DLSC. But the existence of an adverse proceeding before TTAB, alone, is not enough to establish an actual controversy. "The traditional rule . . . is that if the only basis for a Declaratory Judgment is the threat or actual filing of an opposition or cancellation proceeding against plaintiff's trademark registration in the Patent and Trademark Office, then this is not, by itself, sufficient to create an 'actual controversy.'" 5 *McCarthy on Trademarks and Unfair Competition* § 32:52 (5th ed.).

To the extent Clark seeks declaratory relief regarding her alleged "common law interest" in the DIVA LAWYERS mark, [*id.* ¶ 46], Clark has failed to allege an actual controversy. As discussed above, Clark has neither alleged infringement under the common law of any state nor infringement of an unregistered mark under Section 43(a) of the Lanham Act. And there is no suggestion that Baker has threatened Clark with infringement liability. Rather, the sole controversy alleged in the Complaint is that Baker is infringing upon DLSC's interest in the federally registered DIVA LAWYERS mark. Whereas the validity of the 971 registration is subsumed within this controversy, the rights and obligations of the parties with respect to Clark's alleged common law

rights are not at issue. *Cf. San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th at 1031 (finding plaintiff lacked Article III standing to seek declaratory judgment as to the validity of common law trademark where an infringement suit was "extremely unlikely" and plaintiff demonstrated no "'self-avoidance' of harm").

Moreover, a district court generally has discretion to "declare the rights and other legal relations of any interested party." *MedImmune*, 549 U.S. at 136. To determine whether jurisdiction over a declaratory judgment action is appropriate, district courts apply the five-factor test first adopted by the Sixth Circuit in *Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir.1984):

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Id.* "The essential question is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014).

Granting declaratory relief as to Clark's common law rights would neither settle the controversy or be useful to clarify the legal relations at issue because Clark's common law interests are irrelevant to whether Baker's use of the DIVA ATTORNEY mark violates DLCS's rights in the DIVA LAWYERS mark. For instance, Clark requests that the Court declare that she "has, in all respects, rights which are superior to any and all rights claimed by [Baker] to the mark 'DIVA LAWYERS' or any similar mark that is likely to cause confusion." [DE 1 at 13]. But a determination that Clark has priority rights over Baker at common law does not resolve whether

Baker's use of the DIVA ATTORNEY mark infringes DLSC's registered mark or whether the 971 registration is valid. Other courts have declined to exercise jurisdiction under similar circumstances. *See, e.g., Bruce Winston Gem Corp. v. Harry Winston, Inc.*, 2010 WL 3629592, at *6 (S.D.N.Y. Sept. 16, 2010) (declining to entertain declaratory judgment action where "the defendants do not object to the activities that the plaintiff is now pursuing, and any declaratory judgment action would necessarily entail advisory opinions into how far the plaintiffs can go in its future activities without infringing on the defendants' marks."); *accord Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F. Supp. 2d 391, 397 (S.D.N.Y. 2011). Accordingly, even if the Court had jurisdiction to issue declaratory relief regarding Clark's common law rights, it would still decline to exercise that jurisdiction.

In contrast, with respect to the validity of DLSC's interests in the DIVA LAWYERS mark, the Court finds that Clark has plausibly alleged a "justiciable injury that is fairly traceable to the trademark's validity." *San Diego Cnty. Credit Union*, 65 F.4th at 1031. Baker's only argument to the contrary is that "[t]he allegations in Ms. Clark's Complaint do not give rise to a plausible inference that she has any ownership interest (common law or otherwise) in the registered DIVA LAWYERS mark. . . . Accordingly, she has no individual standing to bring a claim seeking a declaration regarding the validity of the 971 Registration." [DE 19 at 215–16]. However, that Clark lacks statutory standing to bring a claim for infringement under §32(1) of the Lanham Act does not mean that she lacks standing in the Article III sense. In the context of actions for infringement of unregistered marks, for example, plaintiffs need not be the mark's owner to establish standing. *See Wheeler & Clevenger Oil Co. v. Doan*, No. 2:04–CV–0558, 2005 WL 1210995, at *8 (S.D. Ohio May 20, 2005) ("It is well established that one need not be the owner or registrant of a mark

to have standing to sue under § [42(a)]. Instead, a court looks to whether the party asserting the claim has a reasonable interest to protect.") (citation modified).

Here, there is a substantial controversy regarding the validity of DLSC's interest in the DIVA LAWYERS mark, as evidenced by the California Action and the fact that Baker's counterclaims in this Action seek cancellation of the 971 Registration. Clark claims that as a member of DLSC she has been injured by Baker's alleged infringement of the 971 Registration. [*See, e.g.*, DE 1 at 10]. At this early stage, that is sufficient to allow Clark's claim to proceed. *See, e.g., Markle v. Drummond Advisors, LLC*, No. 19-cv-2789, 2020 WL 777272, at *4 (N.D. Ill. Feb. 18, 2020) ("Because a factual dispute exists as to not only standing but the merits of Plaintiff's case, this Court provisionally finds that Plaintiff possesses standing and reserves the ultimate determination of standing until later in the proceedings when this Court may benefit from a fuller factual record") (citing *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986)).

Accordingly, Count 1 of the Complaint is **DISMISSED** for lack of standing, and Count 2 of the Complaint is **DISMISSED in part** with respect to Clark's alleged common law rights in the DIVA LAWYERS mark. Clark may continue to proceed on Count 2 to the extent that the relief sought arises out of the rights and obligations of the parties with respect to DLSC's registered mark.[2]

### B. Motion to Join DLSC as a Necessary Party

#### i. Standard

Federal Rule of Civil Procedure 13(a) requires defendants to "state as a counterclaim any claim that . . . [they have] against an opposing party if the claim . . . arises out of the transaction

---

[2] Though the Court concludes Clark has alleged a controversy sufficient to bring a claim under the DJA as it relates to DLSC's registered mark, the Court expresses no views whether such relief "would be useful and fair" such that an exercise of jurisdiction is appropriate. *Hoey*, 773 F.3d 759.

or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a); *see also Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.*, 214 F.3d 770, 772 (6th Cir. 2000). Rather than look to whether the original claim and counterclaim "literally arise out of the same transaction or occurrence," the Sixth Circuit directs courts to ask whether "there [is] a logical relationship between the two claims?" *Bauman v. Bank of America,* 808 F.3d 1097, 1101(6th Cir. 2015) (citation modified). "[T]his rule serves the desirable goal of bringing all claims arising out of the same transaction or occurrence before the court in a single action." *Bluegrass Hosiery*, 214 F.3d at 772 (citing *United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir. 1985)).

Federal Rule of Civil Procedure 13(h) states that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). Relevant here, Rule 19 requires the Court to engage in a three-step inquiry when determining whether a case should continue in the absence of a particular party. *See Local 670, United Rubber v. International Union, United Rubber*, 822 F.2d 613, 618 (6th Cir. 1987); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001). First, the Court must determine if the absent party is a "necessary" party. *Id.* The absent party qualifies as a necessary party if either: (1) complete relief cannot be accorded among the current parties; or (2) a ruling on the complaint in the party's absence may impair that party's ability to protect its interests or subject current parties to a substantial risk of inconsistent obligations. Fed. R. Civ. P. 19(a).

If the Court decides the absent party is not a necessary party, no further analysis is required. *Local 670, United Rubber*, 822 F.2d at 618. However, if the absent party is deemed necessary, the Court must proceed to step two—determining whether joinder is feasible. *Id.* Rule 19 requires joinder where the necessary absent party is "subject to service of process" and "will not deprive

12

the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). *See also PaineWebber*, 276 F.3d at 200 (finding that joinder is feasible where the necessary party is "subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction"). In addition, Rule 19 notes that joinder is not feasible where "a joined party objects to venue and the joinder would make venue improper." Fed. R. Civ. P. 19(a)(3). *See also Local 670, United Rubber*, 822 F.3d at 618 ("If personal jurisdiction is present, the party *shall* be joined; however, in the absence of personal jurisdiction (or if venue as to the joined party is improper), the party cannot properly be brought before the court") (emphasis in original)).

Third, if the Court determines that joinder is not feasible, the Court must decide whether: (1) the case should proceed without the necessary party, or (2) the case should be dismissed because the necessary party is "indispensable" under Rule 19(b). *Id.* Rule 19(b) instructs courts to weigh this question in "equity and good conscience," with four factors in mind: (1) the extent to which a judgment rendered in the party's absence might be prejudicial to that party or existing parties; (2) the extent to which the court may lessen or avoid prejudice; (3) whether the court can render adequate judgment in the party's absence; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

### ii. Baker's Counterclaim is Compulsory

When a plaintiff asserts a registered trademark as the basis for a claim of federal trademark infringement, the defendant's claim for cancellation of the subject registration is a compulsory counterclaim. *See OBX-Stock, Inc. v. Bicast, Inc.*, 558 F.3d 334, 342-43 (4th Cir. 2009); *accord* Atlas Trucking, 2018 WL 8804144, at *1, 2 (holding counterclaim for cancellation of plaintiff's registered trademarks to be a compulsory counterclaim where plaintiff claimed federal unfair competition under Section 43(a) of the Lanham Act). *See also Meathe v. Ret*, 547 F. App'x 683,

687 (6th Cir. 2013) (finding declaratory judgment claims were compulsory in related trademark infringement suit and therefore could not be brought in this separate action because the two claims involve the same "issues of law and fact" and "the same evidence").

Here, Baker seeks a declaration of noninfringement of the DIVA LAWYERS mark and cancellation of the 971 Registration. Both counterclaims are logically related to Clark's claim for infringement and thus Baker is required to raise them under Rule 13(a). *Bauman,* 808 F.3d 1101. *See also AWGI, LLC v. Atlas Trucking Co., LLC*, No. CV 17-12131, 2018 WL 8804144, at *2 (E.D. Mich. Feb. 16, 2018) (finding proposed counterclaim seeking cancellation of trademark was compulsory under Rule 13(a)); *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 211 F.R.D. 312, 317 (N.D. Ohio 2002) (concluding that a claim for infringement is a compulsory counterclaim in a suit for declaratory judgment of non-infringement since the two claims involve the same "issues of law and fact" and "the same evidence"). Baker's claim for cancellation is also compulsory in light of Count 2 of the Complaint, which seeks a declaration of the validity of the DIVA LAWYERS mark.

### iii.    *DLSC is a Necessary Party*

Baker argues that DLSC is a necessary party to her counterclaims because DLSC—not Clark—is the registered owner of the DIVA LAWYERS mark according to the 971 Registration. [DE 10 at 52]. Accordingly, because Baker's compulsory counterclaim seeks cancellation of the 971 Registration, complete relief cannot be afforded if DLSC is not joined as a party. [*Id.* at 55]. Alternatively, even if this Court could cancel the 971 Registration, "disposing of the counterclaim in [DLSC's] absence will impair or impede DLSC's ability to protect its interest in the 971 Registration." [*Id.*]

14

When a cause of action seeks to cancel or invalidate the trademark rights of its owner(s), district courts commonly hold that the trademark owner or co-owners are necessary under Rule 19. *See, e.g., Jaguar Cars Ltd. v. Mfrs. Des Montres Jaguar, S.A.*, 196 F.R.D. 306, 308–09 (E.D. Mich. 2000) (finding that trademark owner was a necessary party where its registrations were directly challenged and at risk of cancellation by the lawsuit); *GayDays, Inc. v. Master Ent., Inc.*, No. 2:07-cv-06179-ABC (JWJx), 2008 WL 11336945, at *4 (C.D. Cal. Mar. 6, 2008) (finding co-owner of trademark was a necessary party in a trademark infringement action); *Ferrer v. Hollywood for Children, Inc.*, No. 2:17-cv-7318-CBM (FFMx), 2018 WL 5267084, at *2 (C.D. Cal. Mar. 14, 2018) (same); *Golden Temple of Or., LLC v. Wai Lana Prods., LLC*, No. 03:09-CV-902-HZ, 2011 WL 6070385, at *2 (D. Or. Dec. 5, 2011) ("When ownership of a trademark is the central issue in a case, the trademark owner is a necessary party."). This result is grounded in the reasoning that, in trademark infringement claims, the "ruling would apply equally to [each co-owner's] ownership of the mark and [each co-owner] potentially would be bound by that ruling." *GayDays*, 2008 WL 11336945, at *4. Thus, joinder is necessary "in order that the alleged infringer might have tried in one the action, as to all parties, . . . the alleged improper recordation of the trade mark." *Massa v. Jiffy Prods. Co.*, 240 F.2d 702, 705 (9th Cir. 1957).

Baker is correct that DLSC is a required party under either prong of Rule 19. In the absence of DLSC, the Court would be unable to afford relief on Baker's cancellation claim because it is uncontested that DLSC is the registered owner on the 971 Registration. Even if the Court could grant such relief, doing so in the absence of DLSC would plainly "impair [DLSC's] ability to protect its interests." Fed. R. Civ. Proc. 19(a). *See Gonzalez v. Del Records Inc.*, 2025 WL 372102, at *4 (C.D. Cal. Feb. 3, 2025) (finding co-owner of registered mark necessary where defendants counterclaimed for cancellation of trademark). Indeed, DLSC would still be a necessary party in

the absence of Baker's counterclaims because Count 2 of Clark's Complaint seeks a declaration of the validity of the DIVA LAWYERS mark. Disposing of Count 2 in the absence of DLSC would "as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B).

### iv.    Joinder is Feasible

Since joining DLSC will not impede this Court's federal question jurisdiction, joinder is feasible if DLSC is subject to personal jurisdiction. Fed. R. Civ. P. 19(a); *Local 670, United Rubber*, 822 F.3d at 618. Clark argues that Baker's motion to join must be denied because this Court "is prohibited from exercising personal jurisdiction over [DLSC]." [DE 12 at 124]. Specifically, Clark states that "[DLSC] has no contacts with the State of Kentucky at all and has never conducted any business in the State of Kentucky and has never purposefully directed any of its activities at the Kentucky forum." [*Id.*].

In response, Baker first argues that "Clark cannot assert lack of personal jurisdiction on DLSC's behalf, because it is an affirmative defense that must be raised by the defendant." [DE 14 at 150]. And second, "[e]ven if this Court could entertain Clark's preemptive assertion of DLSC's personal jurisdiction defense," Baker claims that "Clark has not presented the Court with sufficient information to make such a ruling in the Rule 19 context." [*Id.* at 151]. Baker primarily relies on *Blue Chip 2000 Commercial Cleaning, Inc. v. Washington Prime Grp., Inc.*, which held that a defendant opposing a plaintiff's motion to amend could not raise personal jurisdiction as a defense to joinder. 2025 WL 2061465, at *5 (S.D. Ohio Mar. 11, 2025). Even if the defendant opposing the motion could raise such an issue, the district court noted the defendant had not presented sufficient information to make a ruling. *Id.* ("Rather, the proposed new defendants are in the best position to assert and defend such a claim.").

16

However, none of the cases cited by Baker considered whether joinder of a necessary party was feasible under Rule 19. *See Afshari v. Bear Archery, Inc.*, No. CIV.A. 12-13-KSF, 2012 WL 3027649, at *3 (E.D. Ky. July 24, 2012) (finding opposing party lacked standing to raise personal jurisdiction argument and granting leave to amend the complaint to add new defendants under Fed. R. Civ. P. 15); *Blue Chip 2000*, 2025 WL 2061465, at *5 (same). Baker's suggestion that only DLSC may argue that the Court lacks personal jurisdiction over it does not square with the Sixth Circuit's instruction that, after determining a party is necessary, "the court *must* next consider whether the party is subject to personal jurisdiction." *PaineWebber*, 276 F.3d at 200 (emphasis added). *See also* Fed. R. Civ. P. 19(a) (requiring the court to join a necessary party "who is subject to service of process"); *Healy-Petrik v. State Farm Fire & Cas. Co.*, 2022 WL 464220, at *3 (D. Utah Feb. 15, 2022) ("Being 'subject to service of process' means being subject to the court's personal jurisdiction.").

Indeed, courts routinely find that joinder under Rule 19 is not feasible based on opposing parties' arguments that the party seeking joinder has failed to make a prima facie personal jurisdiction over the absent party. S*ee, e.g.*, *Wong v. Fed. Trade Comm'n*, 2025 WL 910512, at *5–6 (W.D. La. Mar. 25, 2025) (applying standard for motion to dismiss and holding that the plaintiff failed to discharge their "burden of presenting sufficient evidence to support a prima facie case of jurisdiction"); *Cafesjian v. Armenian Assembly of Am., Inc.*, 2008 WL 906194, at *11 (D. Minn. Mar. 31, 2008) (same). Courts similarly find joinder is not feasible when there is no basis in the record to support exercising personal jurisdiction over an absent party. *See, e.g., In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 907 (C.D. Cal. 2011) ("There is nothing in the record to suggest that the Court has personal jurisdiction over the unnamed foreign entities. In fact, these entities appear to be foreign corporations lacking contacts with the United States. Thus, joinder is not

feasible."); *Olivares v. Ambrose*, No. 21-12079, 2021 WL 5177481, at *2 (E.D. Mich. Nov. 8, 2021) (denying motion to join under Rule 19 where plaintiff failed to address personal jurisdiction over necessary party).

At this stage, the Court finds the proper inquiry is whether Baker has adequately alleged a prima facie case of personal jurisdiction over DLSC based on the allegations in her pleadings. *Cf. Gronski v. InContact, Inc.*, 774 F.Supp.3d 873, 879 (E.D. Mich. 2025) (explaining burden of proof on Rule 12(b)(2)). In the event joinder of DLSC is feasible, DLSC will have the opportunity to raise a personal jurisdiction defense after it is joined. This approach is consistent with other courts in this circuit. In *Cooper v. Digital Processing Sys., Inc.*, for example, a patentee brought a patent infringement action against defendants, who moved to join an absent licensee of the patent in suit as an involuntary plaintiff on the basis that the ownership interest in the patent made the licensee a necessary party. 182 F.R.D. 242, 244 (N.D. Ohio 1998), *aff'd*, 215 F.3d 1342 (Fed. Cir. 1999). The Court granted the motion, after which the licensee was served with process and moved to dismiss for lack of personal jurisdiction and improper venue under Rule 19. *Id.* The court then considered the parties' arguments on personal jurisdiction and ultimately found "that there [was] insufficient evidence to support a finding of specific jurisdiction" over the licensee. *Id.* at 251.

Relevant here, Baker asserts the following basis for personal jurisdiction over DLSC in her Counterclaim:

> This Court has personal jurisdiction over DLSC because Ms. Clark, being its authorized agent for service of process, is a party to these proceedings and will receive automatic service of this Counterclaim as a matter of course. Further, upon information and belief, there is personal jurisdiction over DLSC under the Kentucky Long Arm Statute, KRS §454.210 and the exercise of such jurisdiction comports with federal due process. . . . Alternatively, this Court has personal jurisdiction over DLSC because, upon information and belief, Ms. Clark is the alter ego of DLSC.

18

[DE 11 ¶¶ 14, 15]. And in her briefing Baker argues that she "has adequately alleged that the Court has personal jurisdiction over DLSC under Kentucky's Long Arm Statute, KRS § 454.210 . . . [and] that the Court has personal jurisdiction over DLSC because Ms. Clark is the alter ego of DLSC, along with facts that support such a finding." [DE 14 at 153 (citing DE 11 ¶¶ 29, 31, 36, 40, 43, 48, 50, 54, 56)].

Baker's first asserted basis for jurisdiction must be rejected out of hand. The fact that Clark, as DLSC's authorized agent, "will receive automatic service of this Counterclaim" does not mean that there is personal jurisdiction over DLSC. [DE 11 ¶ 14]. Rule 4(k) provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k). Joinder of DLSC is therefore only feasible if authorized under KRS § 454.210 or if DLSC is Clark's alter ego.

### v.    *Personal Jurisdiction under KRS § 454.210*

"When a federal court has federal question jurisdiction, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant  due process." *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) (internal quotations omitted). This analysis collapses into a single inquiry where, as here, a state's long-arm statute is coterminous with federal constitutional limits. *See Valentine v. Samsung SDI Co.*, No. 2024-CA-0277-MR, 2025 WL 3038404, at *2 (Ky. Ct. App. Oct. 31, 2025) (explaining "the General Assembly has . . . directed Kentucky courts to recognize that KRS 454.210 extends to the limits of due process"). Ky. Rev. Stat. ("KRS") § 454.210(2), as amended, provides that "[a] court

may exercise personal jurisdiction over a person who is a party to a civil action on any basis consistent with the Constitution of Kentucky and the Constitution of the United States."

Personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction can either be specific or general depending on the type of minimum contacts in a case. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994). Baker argues only that this Court has specific jurisdiction, which requires that the claims "arise out of or relate to" a defendant's contacts in the forum state. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).

"The Fourteenth Amendment's Due Process Clause limits state courts' ability to exercise jurisdiction over an out-of-state defendant." *Johnson v. Griffin*, 85 F.4th 429, 432 (6th Cir. 2023) (citing *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). Analysis "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 284 (cleaned up). Courts in the Sixth Circuit "apply a three-part test to determine whether the exercise of personal jurisdiction . . . comports with constitutional due process." *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023) (quotation marks omitted).

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the claims must arise out of or relate to the defendant's contacts with the forum. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (citation modified).

Having reviewed the applicable standard, Baker has not alleged an independent basis for specific jurisdiction over DLSC under KRS § 454.210(2). Absent from the pleadings are any allegations that DLSC had contacts with the state of Kentucky, let alone sufficient minimum contacts to satisfy due process. It is not enough, as Baker claims, that she alleges "upon information and belief, there is personal jurisdiction over DLSC under the Kentucky Long Arm Statute, KRS §454.210 and the exercise of such jurisdiction comports with federal due process." [DE 11 ¶¶ 14]. There is simply "nothing in the record to suggest that the Court has personal jurisdiction" arising from DLSC's contacts with the state of Kentucky. *In re Toyota Motor Corp.*, 785 F. Supp. 2d at 907 (dismissing action where necessary parties "appear[ed] to be foreign corporations lacking contacts with the United States").

###### vi.    Alter-Ego Theory

In the absence of sufficient minimum contacts to satisfy due process, courts in the Sixth Circuit have recognized that

> it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court.

*Est. of Thomson ex rel. Est. of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (quoting *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir.2002)). *See also Dare To Be Great, Inc. v. Com. ex rel. Hancock*, 511 S.W.2d 224, 227 (Ky. 1974) (finding jurisdiction over non-resident individual and parent corporation based on activities of subsidiary corporation in Kentucky, where both corporations were alter egos of the individual). Because this Court has federal question jurisdiction over this action, federal alter-ego law applies. *See Anwar v. Dow Chem. Co.*, 876 F.3d 841, 849 (6th Cir. 2017) (applying federal test for alter-

21

ego theory because plaintiff raised federal claims); *see also McGeachy v. Pinto Valley Mining Corp.*, 2017 WL 3130639, *4 (D. Ariz. 2017) ("In federal-question cases such as this, district courts apply federal common law when determining whether they can exercise personal jurisdiction over a party based on alter ego theory.") (internal quotation marks omitted).

In *Anwar*, the Sixth Circuit adopted the Ninth Circuit's test for determining whether an alter-ego relationship exists that is sufficient to impute specific jurisdiction over federal claims. *Anwar*, 876 F.3d 841 at 849. Thus, to satisfy the alter ego test, Baker must make out a prima facie case "(1) that there is such unity of interest and ownership that the separate personalities [of Clark and DLSC] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (citation modified). *Accord Anwar*, 876 F.3d 841 at 849.

Here, Baker asserts that a number of factual allegations support a finding that DLSC is Clark's alter ego. [DE 14 at 153]. These allegations fall within three categories: (1) that various filings on behalf of DLSC, including the original DIVA LAWYERS "U.S. Trademark Application Ser. No. 86748634," and the "Notice of Opposition No. 91268921 against Ms. Baker's 686 Application," were signed by Clark; (2) documents identify Clark as the "Attorney" and "President" of DLSC; and (3) DLSC has acted through Clark in various proceedings, including the California Action. [*See generally* DE 11 ¶¶ 29, 31, 36, 40, 43, 48, 50, 54, 56].

Based on the allegations in the record, the Court concludes that Baker has met her burden of making a prima facie case that DLSC is the alter ego of Clark for purposes of showing that joining DLSC is feasible.[3] As to the first prong, the record supports a finding that there is a unity

---

[3] This Order should not be construed as an advisory opinion in the event that DLSC asserts the defense of a lack of personal jurisdiction. The Court has merely determined that Baker has made a prima facie showing of personal jurisdiction and that joining DLSC is feasible under Rule 19.

of interest between Clark and DLSC. Clark is the designated agent or signatory on behalf of DLSC in every filing in the record. There is only one document in the record which shows other members hold positions within DLSC. [*See* DE 11-4 at 103 (Exhibit D to Baker's Counterclaim reflects that Clark is DLSC's "Club Vice President," while another member is the "Club President.")]. And it was Clark who developed the DIVA LAWYER mark, recruits members to DLSC, employs the mark on DLSC's website, as well as on her law firm page, and authorizes other members of DLSC to use the mark. [DE 1 at 4-5]. As to the second prong, Baker has asserted two counterclaims in order to protect herself from subsequent litigation on behalf of DLSC, by or through Clark. Allowing this action to proceed without DLSC (or, in the alternative, dismissing it) would result in injustice by failing to afford full and adequate relief to the parties. Joinder of DLSC is therefore feasible because it appears this Court's jurisdiction over Clark may be imputed under an alter-ego theory.

Accordingly, the Court **GRANTS** Baker's motion to join DLSC as a Defendant to her Counterclaim. [DE 10]. *See Local 670, United Rubber*, 822 F.3d at 618 ("If personal jurisdiction is present, the party *shall* be joined.").

### C.  Motion to Dismiss Counterclaim

#### i.    Standard

A counterclaim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also United Food & Com. Workers*, 812 F.3d at 524 (counterclaims). To survive a motion to dismiss, a pleading must "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Th[e] court must accept all

well-pleaded factual allegations of the counterclaim as true and construe the counterclaim in the light most favorable to the claimant." *United Food & Com. Workers*, 812 F.3d at 524 (cleaned up); *see also Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020). Factual allegations must be more than "speculative," and "conclusory allegations or legal conclusions" will not suffice. *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 435 (6th Cir. 2016) (quotation marks omitted); *see also Marchek v. United Servs. Auto. Ass'n*, 118 F.4th 830, 833 (6th Cir. 2024). It is the movant's burden to establish that the challenged pleading fails to state a plausible claim for relief. *In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.*, 65 F.4th 851, 859 (6th Cir. 2023).

ii.    Count 1

In the first counterclaim, Baker seeks "declaration that her use of the DIVA ATTORNEY mark does not infringe Counter Defendants' use of the DIVA LAWYERS mark as a matter of law." [DE 11 at 82]. Clark argues that the claim must be dismissed for three reasons: (1) Baker fails to allege an actual controversy exists between the parties; (2) Baker fails to show that discretionary relief is warranted; and (3) Baker's counterclaim is duplicative of claims in other courts. For the reasons below, each of Clark's arguments lack merit.

As explained above, the Court has already found that an actual controversy exists sufficient for Clark to establish standing to seek declaratory relief under the DJA with respect to DLSC's interest in the DIVA LAWYERS mark. The fact that Clark has now brought two actions for infringement against Baker establishes a threat or controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. In support of her claim, Baker alleges that "[t]he parties' respective services under their respective marks are directed to different, non-overlapping consumer groups," that "[i]n prosecuting the applications

24

for their respective marks before the [US]PTO, the parties have expressly excluded one another's services from their respective specifications of goods and services," and that "[o]n information and belief, there has been no evidence of actual confusion, despite the fact that the marks may have coexisted since at least 2019." This is more than enough to adequately plead that an actual controversy exists over whether the DIVA ATTORNEY mark infringes the DIVA LAWYERS mark as a matter of law.

Second, a declaration of noninfringement would not only settle the controversy between the parties but it would also clarify the legal relations in issue by establishing that Baker's alleged conduct is not infringing upon the rights of Clark and DLSC. As a result, the Court is satisfied that "issuing a declaration would be useful and fair." *Hoey*, 773 F.3d at 759.

Third, Clark's claim that Baker's request for declaratory relief is duplicative of the claims in the California Action and TTAB does not mean this Court may not grant declaratory relief. Not only was the dismissal of the California Action been affirmed on appeal, but the TTAB proceeding is currently stayed. Even if it were not stayed, "in the context of  trademark infringement actions, counterclaims for declaratory relief are presumptively appropriate. They have a 'useful purpose' because they engage the remedy of cancellation under the Lanham Act, § 37, 15 U.S.C.A. § 1119, and provide defendants with confidence that they will not infringe the mark in the future." *Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, 624 F. Supp. 2d 610, 613 (W.D. Ky. 2008) (rejecting argument that declaratory relief was duplicative of infringement claim).

### iii.    Count 2

Baker's second counterclaim asks the Court to cancel the 971 Registration pursuant to the Lanham Act, 15 U.S.C. § 1119. Clark asserts that Baker cannot state a claim for cancellation of the 971 Registration against her because she is not the owner of the trademark.

> Section 1119 provides in relevant part:
>
> In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations *of any party to the action*....

15 U.S.C. § 1119 (emphasis added). Those courts addressing the issue of whether anyone but the owner of a trademark is a proper defendant in an action to cancel a trademark have held uniformly that the statute requires the action to proceed only against the current owner of the mark. *See, e.g., Ann Arbor T-Shirt Co., LLC v. Lifeguard Licensing Corp.*, No. 15-CV-13647, 2016 WL 1323784, at *7 (E.D. Mich. Apr. 5, 2016) (collecting cases and determining that defendant licensee of trademark was not the proper defendant on plaintiff's cancellation claim); *Van Well Nursery, Inc. v. Mony Life Ins. Co.*, 421 F. Supp. 2d 1321, 1332 (E.D. Wash. 2006) ("[Section 1119 of the Lanham Act] suggests that a complaint for trademark cancellation should proceed against the party who currently owns the trademark"); *Iowa Health Sys. v. Trinity Health Corp.*, 177 F. Supp. 2d 897, 911 (N.D. Iowa 2001) (finding that "the owner of the...mark [is] thus the only proper [defendant on] a claim for cancellation of the mark"); *Informix Software, Inc. v. Oracle Corp.*, 927 F. Supp. 1283, 1286 (N.D. Cal. 1996) ("Thus, the Court finds that an exclusive licensee of a trademark is not a proper defendant in a suit for cancellation of that trademark. Indeed, the owner of the trademark is the only proper defendant."); *Int'l Watchman, Inc. v. The NATO Strap Co.*, No. 1:13–cv–1986, 2014 WL 1333351, at *2 (N.D. Ohio Mar. 28, 2014) (unpublished opinion) (relying on *Iowa Health Systems* and *Informix Software* to conclude that the counterclaimants claims for cancellation of trademarks must be dismissed against the owner of the entity that owns the marks).

Having already determined that the pleadings allege that DLSC, not Clark, is the owner of the 971 Registration, the Court concludes that Clark is not a proper defendant with respect to Count

1 of Baker's Counterclaim. Count 2 of the Counterclaim is **DISMISSED** against Clark only. Baker may proceed on Count 2 against DLSC.

Accordingly, Clark's Motion to Dismiss Baker's Counterclaim [DE 13] is **GRANTED in part and DENIED in part.**

### III.    CONCLUSION

For the foregoing reasons, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)    Count 1 of Clark's Complaint [DE 1] is **DISMISSED** for lack of standing. Count 2 is **DISMISSED in part** for lack of standing. Clark may proceed with Claim 2 consistent with this Order.

(2)    Baker's Motion to Join DLSC [DE 10] is **GRANTED**. The Court **ORDERS** that DLSC shall be joined as a Counterclaim Defendant in this action.

(3)    Clark's Motion to Dismiss [DE 13] is **GRANTED in part and DENIED in part.** Count 2 of Baker's Counterclaim [DE 11] is **DISMISSED** against Clark.

Rebecca Grady Jennings, District Judge
United States District Court

January 15, 2026

cc: counsel of record

27